Roderick DeARMENT, Acting Secretary of Labor, United States Department of Labor, Plaintiff,

v.

LOCAL 563, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, Defendant.

No. 3–89 CIV 825.

United States District Court,
D. Minnesota,
Third Division.

Dec. 3, 1990.

U.S. Attorney's Office by Robert M. Small, Asst. U.S. Atty., Minneapolis, Minn., and U.S. Dept. of Labor by Kevin Koplin, Chicago, Ill., for plaintiff.

Gordon–Miller–O'Brien by Richard A. Miller, Minneapolis, Minn., for defendant.

ORDER

ALSOP, Chief Judge.

This matter comes before the court upon the parties' cross-motions for summary judgment. Defendant Local 563 moves for summary judgment on the ground that this court lacks jurisdiction because the complainant, Edward Schlichting, has failed to exhaust internal union remedies for contesting the election at issue in this case.

Plaintiff Secretary of Labor contends that Mr. Schlichting has exhausted the union remedies to the full extent required by law, and that plaintiff is entitled to summary judgment on the merits.

With respect to exhaustion of internal union remedies, the relevant facts are undisputed. The complainant filed a protest of the June 3, 1989 election for the office of secretary-treasurer on June 6, 1989 with the General Executive Board of the International Union. The protest included as grounds for voiding the election the fact that the union left a dead person's name on the ballot. Under the union's constitution, the General Executive Board is vested with "all judicial authority" of the International Union. A decision of the Board is final absent appeal to the International Convention. The Board denied Mr. Schlichting's protest in a written decision on August 24, 1989. On September 5, 1989, Mr. Schlichting filed a complaint with the United States Department of Labor. The Secretary of Labor subsequently initiated this action.

Section 402 of the Labor Management Reporting and Disclosure Act requires a union member to exhaust his internal union remedies before he may file a complaint with the Secretary of Labor. Defendant Local 563 contends that this exhaustion requirement requires Mr. Schlichting to appeal the decision of the General Executive Board to the International Convention of the union, which has the power to overturn the Board's decision. Under the union's constitution, an appeal to the Convention is optional, not mandatory. Further, an International Convention takes place only once every five years. The next International Convention is scheduled for the fall of 1991.

■ The court finds that the exhaustion requirement of the Act has been satisfied in this case. Mr. Schlichting timely protested the election before the appropriate union body, the General Executive Board. The Board rendered a written, binding decision rejecting his protest. To require a union member to wait over two years to pursue an optional appeal of this decision to a body whose authority has already been exercised by the General Executive Board would be to create an unreasonable barrier to judicial relief for the infringement of federally protected rights. The union was provided a full opportunity to cure the defects plaintiff has alleged occurred in this election. Thus, the purpose of the exhaustion requirement has been served in this case. The court finds ample support for its conclusion in Judge Sweet's opinion in *Marshall v. Laborers, Local 29*, 106 L.R.R.M. 2339 (S.D.N.Y.1980), and the cases cited therein.

■ On the merits of this matter, the court finds that no genuine issue of material fact remains and that plaintiff is entitled to judgment as a matter of law. To be entitled to a new election, the plaintiff must establish two things. First, that the union failed to provide "adequate safeguards to insure a fair election" under section 401(c) of the Act by failing to remove from the ballot the name of Moe Johnson, a candidate who died three days before the election. Second, that such failure may have affected the outcome of the election.

It is undisputed that, logistically, the union could have easily removed the name of the deceased candidate before the election was held. The union, however, decided to leave Mr. Johnson's name on the ballot, apparently in accordance with the "historical practice" of the International Union.

Despite the best intentions of the union, the court finds that the union's failure to remove Mr. Johnson's name from the ballot violates section 401(c) of the Act. An election is rendered fundamentally unfair when the name of a non-candidate appears on the ballot. Leaving Mr. Johnson's name on the

ballot invited confusion and created the possibility that voters unaware of his death would vote for him believing that he remained a candidate. The union's rationale of leaving the name on the ballot to allow votes for Mr. Johnson as a protest against the other two candidates falls far short of justifying this procedure. Voters are free to abstain or, presumably, to write in a name if they wish to cast a protest vote. There is no need to leave the name of a dead person on the ballot. The underlying purpose of the Labor Management Reporting and Disclosure Act is to assure unions utilize fair and democratic election procedures. It seems to this court that an absolute minimum requirement of a fair and democratic election is that only the names of actual candidates appear on the ballot.

 Upon finding a violation of section 401(c) of the Act, the plaintiff is entitled to an order for a new, supervised election if the violation "may have affected" the outcome of the election within the meaning of section 402(c)(2) of the Act. The Secretary need not prove that the violation in fact affected the outcome. *Wirtz v. Hotel, Motel, and Club Employees, Local 6,* 391 U.S. 492, 88 S.Ct. 1743, 20 L.Ed.2d 763 (1968). In this case, Mr. Schlichting lost the election for secretary-treasurer by only 14 votes, while the deceased Mr. Johnson received 61 votes. Clearly, had the deceased's name not appeared on the ballot, the outcome of the election may have been different.

Accordingly, based upon the briefs of the parties, arguments of counsel, and all the files, records and proceedings herein,

IT IS HEREBY ORDERED That defendant's motion for summary judgment is DENIED and plaintiff's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED That judgment be entered as follows:

IT IS ORDERED, ADJUDGED AND DECREED That:

1. Defendant's election on June 3, 1989 for the office of secretary-treasurer is null and void;

2. Defendant will conduct a new election for the office of secretary-treasurer,

under the supervision of the Secretary of Labor, in conformity with the provisions of the Act, and so far as lawful and practicable, in conformity with the provisions of the Union's Constitution and By-laws; and

3. The election will be complete within ninety (90) days of the date of this order. The elected officer, upon completion of the election, will serve for the remainder of the term of office.